Joel D. Odou
Nevada Bar No. 7468
Kyle J. Hoyt
Nevada Bar No. 14886
**Wood, Smith, Henning & Berman LLP**
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Phone: 702 251 4100 ♦ Fax: 702 251 5405
jodou@wshblaw.com
khoyt@wshblaw.com

Attorneys for Knight Transportation, Inc.,
Knight-Swift Transportation Holdings, Inc. and
Joseph Hayes

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PATRICK VESSELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>KNIGHT TRANSPORTATION, INC.; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; JOSEPH HAYES; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-00404-GMN-EJY<br><br>**STIPULATION TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER (FOURTH REQUEST)**<br><br>Trial Date:        None Set |

Pursuant to LR 6-1 and LR 26-4, and for good cause shown, the parties, by and through their respective counsel of record hereby stipulate and agree to and jointly move this Honorable Court for an order to continue discovery for the purpose of completing discovery, including witness depositions and experts. This is the fourth stipulation for extension of time to complete discovery. The parties recently reserved costs and fees of additional discovery to engage in a mediation with Hon. Janet Berry. However, resolution could not be reached and the parties now seek additional time to complete discovery necessary to prepare for trial.

**A.    DISCOVERY COMPLETED TO DATE**

The parties have completed the following disclosures and discovery:

1.	Defendants Knight Transportation, Inc., Knight-Swift Transportation Holdings, Inc., and Joseph Hayes ("Defendants") served their Initial Disclosure of Witnesses and Documents Pursuant to Fed. R. Civ. P. 26(a) on March 30, 2023.

2.	Defendant Joseph Hayes served his First Set of Requests for Production of Documents and First Set of Interrogatories to Plaintiff on April 14, 2023.

3.	Plaintiff served his Initial Fed. R. Civ. P. 26(f) Production of Documents and Witnesses List on April 24, 2023.

4.	Defendant Joseph Hayes served his Second Set of Requests for Production of Documents to Plaintiff on May 3, 2023.

5.	Plaintiff provided his responses to Defendant Hayes' First Set of Interrogatories, First Set of Requests for Production, and Second Set of Requests for Production on May 12, 2023.

6.	On May 18, 2023, Defendants noticed Plaintiff that it would seek documents from the Custodian(s) of Records for fourteen (14) of Plaintiff's identified medical treatment providers via subpoena duces tecum. Defendants then issued subpoenas for records to be provided on June 19, 2023.

7.	On August 16, 2023, Plaintiff served his First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission to Defendant Joseph Hayes.

8.	On August 16, 2023, Plaintiff served his First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission to Defendant Knight Transportation, Inc.

9.	On September 20, 2023, Defendants served their First Supplemental Disclosure of Witnesses and Documents Pursuant to Fed. R. Civ. P. 26(a).

10.	On September 26, 2023, Defendant Knight Transportations, Inc. served its Response to Plaintiff James Patrick Vessells' First Set of Requests for Production.

11.	On October 13, 2023, Defendants served their Second Supplemental Disclosure of Witnesses and Production of Documents.

12.	On October 13, 2023, Defendant Joseph Hayes served his Response to Plaintiff James Patrick Vessells' First Set of Requests for Production.

13. On October 13, 2023, Defendant Joseph Hayes served his Response to Plaintiff James Patrick Vessells' First Set of Requests for Admission.

14. On October 13, 2023, Defendant Knight Transportation, Inc. served its Response to Plaintiff James Patrick Vessells' First Set of Request for Admission.

15. On October 13, 2023, Defendant Knight Transportation, Inc. served its Response to Plaintiff James Patrick Vessells' First Set of Request for Production.

16. On October 19, 2023, Defendant Knight Transportation Inc. served its Response to Plaintiff James Patrick Vessells' First Set of Interrogatories.

17. On November 9, 2023, Defendant Joseph Hayes served his Second Set of Requests for Production of Documents to Plaintiff James Patrick Vessells.

18. On November 9, 2023, Defendant Joseph Hayes served his Second Set of Interrogatories to Plaintiff James Patrick Vessells.

19. On November 10, 2023, Defendant Joseph Hayes served his Verified Responses to Plaintiff James Patrick Vessells' First Set of Interrogatories.

20. On December 4, 2023, Plaintiff James Patrick Vessells' deposition was completed.

21. On December 13, 2023, Plaintiff served his First Supplemental Production of Documents and Witnesses.

22. On December 13, 2023 Plaintiff served his Answers to Joseph Hayes' Second Set of Interrogatories.

23. On December 13, 2023, Plaintiff served his Responses to Joseph Hayes' Second Set of Requests to Produce.

24. On December 15, 2023, Plaintiff served his Second Supplemental Production of Documents and Witnesses.

25. On January 9, 2024, Defendants served their Initial Designation of Expert Witnesses.

26. On January 9, 2024, Plaintiffs served their Initial Expert Disclosures.

27. On January 10, 2024, Defendants served their Third Supplemental Disclosure of Witnesses and Production of Documents.

28. On February 8, 2024, Defendants served their Fourth Supplemental Disclosure of Witnesses and Production of Documents.

29. On February 9, 2024, Defendants served their Rebuttal Designation of Expert Witnesses.

30. On March 13, 2024, Plaintiff served his Third Supplemental Production of Documents and Witnesses.

31. On April 2, 2024, Plaintiff served his Fourth Supplemental Production of Documents and Witnesses.

**B.    DISCOVERY REMAINING TO BE COMPLETED**

1. Depositions of Defendants and/or witnesses;
2. Depositions of person(s) most knowledgeable;
3. Depositions of treating physicians;
4. Expert depositions;
5. Additional written discovery;
6. Additional disclosure of documents;
7. Subpoena/Obtain additional documents as necessary;
8. Medical Examination of Plaintiff with Defendants' expert;
9. The parties also anticipate that they may need to conduct other forms of discovery, though not specifically delineated herein, and anticipate doing so only on an as-needed basis.

**C.    REASON FOR REQUEST FOR EXTENSION OF DISCOVERY DEADLINES**

A scheduling order can be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR AI 6-1 (a). "District courts should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980) (*quoting Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976); *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)). Here,

as discussed below, there is no dispute among the parties that an extension would cause any injury or injustice, and that a refusal of extension could prejudice the parties. Additionally, although there may be some inconvenience to the Court, no trial date is currently set and discovery is already ongoing. Therefore, the stipulated request for a modest extension should be granted.

In addition to the discovery that has already taken place as set forth above, the parties have diligently worked to continue to conduct discovery in an effort to complete the same and prepare for trial. Presently, the parties have been in communication regarding scheduling the remaining witness depositions in an effort to find dates that are mutually agreeable to the witnesses and the parties. At this time, the follow witness depositions are either confirmed or are actively being arranged.

1. Ian Carl, Responding Police Officer – The parties are currently communicating with Mr. Carl to determine his availability. The parties anticipate Mr. Carl's deposition will be completed in May.

2. Matthew Coleman, Responding EMT – The parties are currently communicating with Mr. Coleman to determine his availability. The parties anticipate Mr. Coleman's deposition will be completed in May.

3. Dr. James Rappaport, Plaintiff's Medical Expert – The parties are currently communicating with Dr. Rappaport to determine his availability. The parties anticipate Dr. Rappaport's deposition will be completed in May or June.

4. Dr. Allyn Needham, Plaintiff's Economic Expert – The parties are currently communicating with Dr. Needham to determine his availability. The parties anticipate Dr. Needham's deposition will be completed in May or June.

5. Dr. Robert Berry, Plaintiff's Treating Physician – The parties are currently communicating with Dr. Berry to determine his availability. The parties anticipate Dr. Berry's deposition will be completed in May or June.

6. Rosa Pinto, Plaintiff's Ex-Wife – The parties will communicate with Ms. Pinto to determine her availability. The parties anticipate Ms. Pinto's deposition will be completed in May.

7. Jaden Vessells, Plaintiff's Daughter – The parties will communicate with Ms. Vessells to determine her availability. The parties anticipate Ms. Vessells' deposition will be completed in May.

Plaintiff has identified numerous treatment providers and indicated extensive treatment in the year prior to the accident, including a lengthy hospitalization stay. Defendants have subpoenaed records from Plaintiff's medical providers. Responses for several providers have been received and Defendants continue to receive additional records from Plaintiff's medical providers.

Further, the Parties attended mediation in good faith on March 27, 2024 with Hon. Janet Berry. Unfortunately a resolution could not be reached. While the parties were engaged in preparing for mediation and focused on collective resources to reach resolution, some anticipated discovery was temporarily foregone to avoid potentially unnecessary costs and fees. However, now that the mediation has taken place, discovery needs to resume.

In addition, Plaintiff recently indicated his intent to proceed with setting a surgical procedure for alleged injuries to his lumbar spine. Defendants now wish to conduct an examination of Plaintiff with their expert, and are discussing the parameters of an examination with Plaintiff's counsel..

In sum, the parties have diligently conducted discovery and are continuing to work cooperatively to complete the remaining discovery in order to prepare for trial. Good cause exists for modification of the current scheduling order to avoid prejudice to the parties.

**D.    CURRENT SCHEDULE TO COMPLETE REMAINING DISCOVERY:**

| | |
|---|---|
| Initial Experts | Closed |
| Rebuttals | Closed |
| Discovery Cutoff | May 10, 2024 |
| Dispositive Motions | June 10, 2024 |
| Joint Pre-Trial Order | July 10, 2024 |

**E.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

| | |
|---|---|
| **Initial Experts** | **Closed** |
| **Rebuttals** | **Closed** |

|   |   |
|---|---|
| **Discovery Cutoff** | **July 9, 2024** |
| **Dispositive Motions** | **August 9, 2024** |
| **Joint Pre-Trial Order** | **September 9, 2024**[1] |

**F.    CURRENT TRIAL DATE:**

No trial is yet scheduled in this matter. A joint proposed pretrial order is due on July 10, 2024, or 30 days following this Court's ruling on any dispositive motions, if filed. The parties seek additional time so that the same proposed pretrial order is due September 9, 2024.

**G.    REQUEST NUMBER:**

This is the **Fourth** request for an extension of time to complete discovery.

Wherefore, the parties respectfully request that the Court grant this request to extend the discovery deadlines as outlined above.

**IT IS SO AGREED.**

DATED this 19th day of April 2024.

WOOD, SMITH, HENNING & BERMAN LLP

By:    /s/Kyle J. Hoyt
JOEL D. ODOU
Nevada Bar No. 7468
KYLE J. HOYT
Nevada Bar No. 14886
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128
*Attorneys for Defendants Knight Transportation, Inc., Knight-Swift Transportation Holdings, Inc., and Joseph Hayes*

DATED this 19th day of April 2024.

GOLIGHTLY & VANNAH, PLLC

By:    /s/Robert D. Vannah
JOHN B. GREENE, ESQ.
Nevada Bar No.: 4279
ROBERT D. VANNAH, ESQ.
Nevada Bar No.: 2503
5555 Kietzke Lane, Suite 150
Reno, NV 89511
*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

**Dated:  April 22, 2024**

---

[1] Sixty days from the current date to submit the Joint Pre-Trial Order is September 8, 2024 which is a Sunday. Defendants therefore propose that the Joint Pre-Trial Order deadline be set for Monday, September 9, 2024.